**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 00-4107

WAYNE C. GATLING,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-99-240)

Submitted: August 18, 2000

Decided: September 14, 2000

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen S. Boynton, Vienna, Virginia, for Appellant. Lynne A. Bat-
taglia, United States Attorney, P. Michael Cunningham, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wayne C. Gatling appeals from his convictions for violating the Migratory Bird Treaty Act. See 16 U.S.C.A.§ 703 (West Supp. 2000) (making unlawful the taking of migratory birds except as permitted by regulation); 50 C.F.R. § 20.21(f) (providing that it is illegal to take a migratory bird "[b]y the use or aid of live birds as decoys," which includes the taking of migratory waterfowl "on an area where tame or captive live ducks or geese are present unless such birds are and have been for a period of 10 consecutive days prior to such taking, confined within an enclosure which substantially reduces the audibility of their calls and totally conceals such birds from the sight of migratory waterfowl."). We affirm.

The government presented evidence establishing that Gatling and others killed migratory ducks from a pond while a number of apparently tame ducks were present. A government witness testified that the ducks were tame because they did not flush until he was approximately 15 yards away from them and they landed within ten yards of him after they did flush. The witness testified that this behavior was typical of tame, not wild, ducks. The defendant's own expert concurred with this behaviorally-based definition of tame ducks. Viewed in the light most favorable to the government, see United States v. Burgos, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), this evidence supports the district court's factual conclusion that tame ducks were present during the hunt and is sufficient to support Gatling's convictions. See 50 C.F.R. § 20.21(f); United States v. Mebane, 839 F.2d 230, 231-32 (4th Cir. 1988) (affirming convictions for taking migratory birds through the use of tame ducks as live decoys where evidence established, among other things, that the ducks at issue were not afraid of humans or gunfire).

Gatling, however, seems to contend that there can be no liability under regulation 20.21(f) unless the captive or tame ducks have been present for at least ten consecutive days prior to the taking. The ten-day language in regulation 20.21(f) clearly creates an exception to liability, not a condition for liability. Under the regulation, it is not unlawful to take a migratory bird in an area where captive or tame

2

ducks are present if those captive or tame ducks have, for at least ten days prior to the taking, been enclosed in a way that substantially reduces the ability of migratory birds to hear them and that completely removes the captive or tame ducks from the sight of migratory birds.* Unless the captive or tame ducks have been properly enclosed, the taking of a migratory bird from an area where captive or tame ducks are present violates regulation 20.21(f) whether or not the captive or tame ducks have been present for ten consecutive days.

To the extent that Gatling contends regulation 20.21 is vague or overbroad, we note that he did not make this argument before the district court and we decline to consider it here. See Mebane, 839 F.2d at 232. We have considered Gatling's remaining arguments and find them to be without merit. Accordingly, we affirm Gatling's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*Such a requirement clearly minimizes the likelihood that captive or tame ducks will attract migratory birds to a particular area. See Mebane, 839 F.2d at 232 ("Agent Bennett testified concerning the advantages of using live decoys as opposed to artificial ducks. He explained that the movement of the live birds and their grouping together created a more favorable enticement to wild ducks than artificial decoys.").

3